# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **SHAUNACY R. BISHOP**, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00614 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **K. LAMBERT, ET AL.**, ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |
| ) | |

*Shaunacy R. Bishop, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that a prison official sexually harassed him and that prison administrators failed to respond appropriately. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

The incident at issue occurred while Bishop was confined at Pocahontas Correctional Center (PCC). On the morning of July 24, 2022, while inmates in his area were preparing for count procedures, Bishop chose to urinate using the facilities in his cell. His cell mate informed him that Officer K. Lambert had stood outside the cell door, watching this process. A few minutes later, Lambert returned to Bishop's cell door, knocked, and demanded to see his identification card. Lambert allegedly yelled, "I just stood there watching you hold your dick in your hand and

take a piss." Compl. 4, ECF No. 1. On the afternoon of July 24, 2022, Lambert brought an institutional charge against Bishop that Lt. M. Shrader approved.

Two weeks later, all inmates received a memorandum dated August 12, 2022, that clarified appropriate use of the Sexual Abuse Reporting Hotline #55 under the the Prison Rape Elimination Act (PREA) and defined relevant terms such as sexual assault, abuse, and harassment. Compl. Attach., ECF No. 1-1. Bishop interprets this document as defining, for purposes of a PREA violation, "Lambert's actions as an act of voyeurism as well as the verbal exchange as an act of sexual harassment" toward Bishop. Compl. 4, ECF No. 1.

On August 15, 2022, Investigator Harvey Johnson took Bishop's PREA report about Lambert's actions. An operations manager later concluded that the report's allegations were "'unfounded,' meaning the investigation produced no evidence that the event occurred." *Id.* at 4–5. Bishop met with Johnson on September 24, 2022, and after some discussion, Johnson acknowledged the existence of written and video evidence that Lambert's actions had occurred. He informed Bishop that Lambert's actions were "not sexual harassment but employee misconduct" and that "sexual harassment is 'loosely defined.'" *Id.* at 5. Then, Johnson ended the meeting. Officials have allegedly "ignored" Bishop's requests for the names of all officers involved in this event so that he could properly prepare this lawsuit. *Id.* at 6.

Bishop filed his § 1983 Complaint against Lambert, Shrader, Johnson, and PCC. As relief, he seeks monetary damages for "mental health costs" and a transfer to another prison.

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). This rule also applies to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. Because PCC is properly considered an arm of the Commonwealth of Virginia, it cannot be sued under § 1983. Therefore, I will summarily dismiss Bishop's claims against this defendant.

Bishop also has named persons as defendants who are subject to being sued under § 1983. Liberally construed, Bishop's Complaint alleges that (a) Lambert

committed sexual harassment and/or abuse in violation of PREA by watching Bishop urinate during count and commenting on that act; (b) Lambert (with Shrader's approval) charged Bishop for some unspecified violation; and (c) Johnson failed to comply with the August 2022 memorandum's definitions when investigating Bishop's PREA complaint against Lambert.

I cannot find that Bishop's allegations state any claim actionable under § 1983. First, this court and others have found no basis in law for a private cause of action under § 1983 by which an inmate may sue for noncompliance with any PREA provision. *Chapman v. Willis*, No. 7:12-CV-00389, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013). As the court stated in that case:

> [S]ection 1983 itself creates no rights; rather it provides a method for vindicating federal rights elsewhere conferred. [W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action.
>
> Nothing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act. The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. . . . The statute does not grant prisoners any specific rights. Thus, Plaintiff fails to state a § 1983 claim based on an alleged violation of the PREA.

*Id.* (internal quotation marks and citations omitted). I find this reasoning persuasive and adopt it here. Accordingly, I conclude that Bishop fails to state a § 1983 claim based on an alleged violation of PREA provisions by Lambert and Shrader, or

inadequate investigation of PREA complaints by Johnson or any other official. I will, therefore, dismiss all of Bishop's complaints of PREA violations, pursuant to § 1997(c)(1) for failure to state a claim.

In his second claim, Bishop complains that Lambert brought a charge against him that Shrader approved. Bishop does not state what the charge was, whether he was found guilty of committing it, or whether or how he was penalized for doing so. Nor does he indicate how the defendants' actions deprived him of constitutionally protected rights. Accordingly, I conclude that this contention must be summarily dismissed for failure to state a claim. *Twombly*, 550 U.S. at 570.

Finally, to the extent that Bishop is asserting an Eighth Amendment claim of sexual abuse or harassment, that claim also fails. "Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections [against cruel and unusual punishment] do not necessarily extend to mere verbal sexual harassment." *Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016) (unpublished) (citation omitted). And where an incident of alleged sexual abuse does not involve physical contact, the alleged misconduct must be severe to implicate constitutional protections. *Id.* (holding that "conduct about which Jackson complains" — the defendant sending one "sexually explicit and lurid" letter; posing "seductively before [Jackson] and whisper[ing] sexually explicit words to [him]," and placing "her groin area in [Jackson's] face

while [he] was seated for [his] haircut in the barber's chair" — "does not amount to an Eighth Amendment violation"); *Kokinda v. Penn. Dep't of Corr.*, No. 2:16-CV-1580-MRH-CRE, 2017 WL 3912350, at *1, *2 (W.D. Pa. Sept. 5, 2017) (holding that plaintiff's allegations — that defendant displayed a "latent sexual interest" for plaintiff and stared at plaintiff's groin area many times "for an uncomfortable duration" while plaintiff was in his boxers in his cell — described "incidents when accepted as true, [that] do not state the requisite level of severity to make out an Eighth Amendment claim"), *aff'd*, 779 F. App'x 944, 950 (3d Cir. 2019) (unpublished).

Lambert's alleged actions (watching Bishop urinate on one occasion and using profanity about it) fall squarely into the same camp as the claims brought in the *Jackson* and *Kokinda* cases. Even accepted as true, this alleged incident does not reach the required level of objective severity to make out an Eighth Amendment claim against Lambert.

In conclusion, for the stated reasons, I will summarily dismiss this case under § 1997e(c)(1) for failure to state claim upon which relief could be granted.

A separate Final Order will be entered herewith.

DATED: February 2, 2023

/s/ JAMES P. JONES
Senior United States District Judge